CENTRAL TRUST COMPANY, *etc. v.* HARTFORD FIRE INSURANCE COMPANY

(No. 7905)

Submitted November 20, 1934. Decided December 18, 1934.

*Mohler & Peters* and *H. L. Snyder, Jr.,* for plaintiff in error.

*Payne, Minor & Ray,* for defendant in error.

HATCHER, JUDGE:

This action involves the liability of an insurance company for a registered mail package which was stolen.

The defendant, Hartford Fire Insurance Company, insured plaintiff, Central Trust Company, on shipments of money by registered mail from the time of leaving the office of the consignor until delivered at the office or place of address of the consignee. The policy covered all risks except that of war "and dishonesty on the part of employees of senders or addressees." While the policy was in force, plaintiff shipped $2,500.00 in currency by registered mail from Charleston, West Virginia, to A. H. Boyd at No. 1611 Meridan Avenue, Miami Beach, Florida. That number was an apartment house, and one of its apartments was occupied by Boyd. The house was managed by Ethel L. Snyder, to whom the above package was delivered, Boyd being absent. She placed the package on a table in Boyd's apartment. Before his return, the package was stolen by Lorenzo Alston, who, according to the agreed statement of facts, "was then and there in the employ of said A. H. Boyd as chauffeur and cook." Plaintiff recovered $325.37 of Alston. The case was submitted to the court in lieu of a jury. From a judg-

ment in favor of plaintiff for the balance of the loss, the defendant prosecutes error.

Plaintiff contends that the term "employees" as used in the exception to the undertaking of the insurer, was not intended to apply to ordinary servants, but only to employees who in the course of their duties would be expected to handle the subject matter of the insurance contract. It seems reasonable that the term was not meant to apply indiscriminately to every employee that the addressee might engage. Dishonesty of an employee who was duly authorized to represent the addressee, would at law have the same effect as that of the addressee himself—a dishonesty against which the insurer needed no protection. To give full meaning to the policy exception, it must be taken to refer especially to employees of lesser grades who may reasonably have been expected to contact the subject matter of the insurance and who did not have the right to represent the addressee. Alston as cook and chauffeur seemingly had the run of Boyd's apartment. Such a servant would reasonably be expected to come into contact with a package delivered to the apartment for his employer. Alston must be regarded as in the excepted class.

Plaintiff takes the position that the policy contemplated a lawful delivery of the package, and that the delivery herein violated the following inhibition of the Federal postal laws and regulations: "In the absence of a written order from the sender or addressee, mail addressed to * * * occupant of an apartment house * * * shall not be delivered to the * * * manager * * * unless addressed in his care or in the care of the * * * house." There was no such written order in this case and the package was not addressed in care of Mrs. Snyder. Plaintiff contends that the improper delivery exposed the package to the theft and therefore was its proximate cause. Plaintiff's brief says: "The theft of the registered package was, we submit, in the natural and ordinary course of things to be anticipated as the direct consequence of its improper delivery. Why all the safeguards thrown around the delivery of a registered package by the U. S. postal

regulations, if theft is not a natural and ordinary consequence of a careless delivery?"

The defendant does not contend that the delivery complied with the Federal regulation. Defendant takes the position that the only cause for the delivery not becoming complete, however, was the intervening theft of the addressee's employee; and that unless it be assumed that Boyd retained Alston, realizing that upon opportunity he would steal, then the theft was not the natural outcome of the improper delivery and it was not the proximate cause of the loss. Defendant relies on *Rr. Co.* v. *Kellogg*, 94 U. S. 469, 475, 24 L. Ed. 256, and kindred cases, holding: "In order to warrant a finding that negligence * * * is the proximate cause of an injury, it must appear that the injury was the natural and probable consequences of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." We are of opinion that the defendant's position is more logical.

Therefore the judgment of the circuit court is reversed, and the plaintiff's action dismissed.

*Reversed and dismissed.*

LITZ, JUDGE, dissenting:

I concur in the interpretation by the court of the word "employees" as used in the policy, but cannot agree that a mere chauffeur or cook, not shown to possess other actual or apparent authority, is reasonably expected to contact a package, belonging to the master, of $2,500 in currency.

I therefore dissent from the decision.